John B. Koegel (JK 4762)
THE KOEGEL GROUP LLP
161 Avenue of the Americas
New York, New York 10013
(212) 255-7744
*Attorneys for Defendant, Art Loss Register*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JUDY GOFFMAN CUTLER,

                          Plaintiff,

        - against -                        07 CV 3807 (LAP)

ART LOSS REGISTER, INC. and
JACK SOLOMON,

                          Defendants.
-------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This case involves a dispute between a resident of Nevada and a resident of Rhode Island over the ownership of a painting located in California. Plaintiff is represented by a New York attorney who has named the Art Loss Register ("ALR") as a defendant so that this lawsuit might be prosecuted in New York.

The one and only claim against ALR in the Amended Complaint is for "intentional tort" which properly should have been designated as prima facie tort. Written correspondence submitted on this motion demonstrates that the factual basis for this claim is entirely untrue. But even the Complaint as alleged fails to state a claim. All of the essential elements of a prima facie tort claim are insufficiently averred and therefore dismissal is warranted as a matter of law.

1

## FACTS

ALR was established in London, England in 1991. Its founding shareholders included major businesses from both the insurance and art industries. ALR maintains an international database of lost and stolen art, antiques and collectables that currently contains detailed descriptions of more than 170,000 unrecovered, stolen works. Through this database and the checking searches it conducts on request (currently at the annual rate of 300,000), ALR acts as a significant deterrent to the theft of art. ALR also operates a recovery service which facilitates the return of stolen works to their rightful owners. To date, ALR has since been responsible for the recovery of over $150 million of stolen art and antiques. (Complaint ¶ 7)

In 1968, Defendant Jack Solomon (hereinafter "Solomon") purchased a painting by the renowned artist Norman Rockwell entitled and described as *The Russian Schoolroom*, 1967, oil on canvas, 16 x 37 inches (hereinafter the "Painting"). In June 1973, the Painting was being exhibited at a gallery in Clayton, Missouri and was stolen from that gallery. (Complaint ¶ 10)

In July 2004, the Federal Bureau of Investigation through a newly formed art crime team initiated an investigation to locate and recover this Painting. On December 2, 2005, the FBI registered the Painting as stolen with the ALR.

On March 2, 2007, the FBI through the Department of Justice announced that it had located the Painting in Los Angeles in the possession of Steven Spielberg. On March 5, 2007, the FBI confirmed directly to the ALR that this recovery had occurred and that any calls asking for information about this matter should be referred to the St. Louis office of the FBI. Between March 5 and March 15, ALR became aware that the owner of the Painting in 1973 was Solomon. Given the mission of ALR to assist in the return of stolen artwork to the rightful owner, ALR and Solomon agreed to work together to try to effectuate a return of the stolen Painting from Mr. Spielberg to Solomon.

On one occasion, shortly prior to March 14, 2007, ALR received a telephone call from Plaintiff in which she identified herself as the art dealer who had sold the stolen Painting to Mr. Spielberg. Plaintiff asked Christopher Marinello (fulltime General Counsel at ALR) for information concerning the registration of the stolen Painting with ALR. Having been advised by the FBI to refer any inquires concerning the details of this matter to the St. Louis office, Mr. Marinello declined to answer Plaintiff's questions about the matter. This telephone conversation was the only direct communication between ALR and the Plaintiff (where ALR was aware the Plaintiff had some involvement with the stolen Painting). On March 14 and March 15, Plaintiff's attorney, Martin Bressler, called Mr. Marinello seeking the same information about the Painting previously sought by Plaintiff. Mr. Marinello again declined to answer, citing the request of the FBI to defer inquires to the St. Louis office.

On April 27, 2007, Mr. Marinello met with Plaintiff's attorney and Plaintiff's husband and listened to their assertion that Plaintiff had become the rightful owner because Solomon would be precluded from asserting his ownership rights. Mindful of the fundamental legal principle that a thief cannot convey good title and that no subsequent purchaser can acquire good title, regardless of that purchaser's lack of knowledge or good faith, Mr. Marinello was not dissuaded from believing that Solomon was the rightful owner.

## THE AMENDED COMPLAINT

Five paragraphs in the Amended Complaint contain all of the allegations against the ALR that are claimed to entitle the Plaintiff to monetary damages for "intentional tort". Technically speaking, Plaintiff errs in using the designation "intentional tort" since "intentional tort" refers to various intentional, injurious acts which are considered by the law to be illegal or improper. Assault, fraud, defamation, for example are "intentional torts". The name of the tort which

Plaintiff tries insufficiently to allege is prima facie tort. Generally, this tort is recognizable for the intentional infliction of particularized damages without any excuse or justification by an act or series of acts which would otherwise be lawful.

The acts of ALR which Plaintiff claims constitute an actionable wrong on the part of ALR are set forth in Paragraphs 29, 30, 44, 45, and 47. In these five paragraphs, Plaintiff alleges that on or about March 20, 2007 and thereafter, ALR stated to Plaintiff that she would suffer criminal prosecution because she had lied to the FBI and that her reputation would be damaged. The one and only specific example of an alleged statement that Plaintiff would suffer criminal prosecution is an email in which counsel for ALR asks counsel for Plaintiff whether Plaintiff has been cleared by the FBI for any potential charges or for any possible misstatements that may have been made to agents of the FBI over the course of the ongoing FBI investigation into the theft and recovery of the Painting. There is no allegation of any direct communication with between ALR and the Plaintiff. There is no allegation of any actual or even expressed ability on the part of ALR to do anything that would bring about some criminal prosecution. There is no allegation of any expressed steps or actions that ALR would take to damage Plaintiff's reputation.

Thus, the prima facie tort claim rests entirely on the single allegation that the ALR indirectly told the Plaintiff that she could avoid criminal prosecution and avoid damage to her reputation by turning over an artwork that she was known not to possess.

## THE COMPLAINT FAILS TO STATE A CLAIM

One immediate and general assessment of this claim is that it is absurd. ALR had no ability to cause or produce a criminal prosecution. So even if any such statement were made by anyone at ALR, Plaintiff should have recognized that the ALR would be incapable of putting any

4

such threat into effect. Nor would ALR have the power to cause the Justice Department to abandon an investigation if the Painting were somehow delivered to Jack Solomon. And the one specific instance cited in the Complaint that supposedly contains some sort of threat is nothing more than two questions directed at Plaintiff's attorney. How these questions put to Plaintiff's attorney (not to the Plaintiff herself) operated as a threat is not explained. Nor are there any alleged direct consequences of this communication to Plaintiff's counsel (since nothing came of it). So the notion that ALR threatened Plaintiff with criminal prosecution (or that Plaintiff was injured by Mr. Marinello's inquiry) is entirely absurd.

Plaintiff's claim also fails because it does not meet the pleading requirements for a claim for prima facie tort.

"Prima facie tort is designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy". *Curiano v. Suozzi*, 63 N.Y.2d 113, 118, 480 N.Y.S.2d 406 (1984). Because it seeks to offer a remedy for misconduct that does not fall within any traditional tort classification, it is a cause of action "that is highly disfavored in New York". *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 347 (S.D.N.Y. 2000). Hence the elements or requirements for this cause of action must be clearly averred. There are four elements or requirements: (1) intentional infliction of harm, (2) causing special damages, (3) without excuse of justification, (4) by an act or series of acts that would otherwise be lawful. *Curiano v. Suozzi*, 63 N.Y.2d 113, 117, 480 N.Y.S.2d 406 (1984). See also *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 531 (S.D.N.Y. 1998).

Regarding the first element, courts have required an allegation of particular facts which if true would indicate that the defendant was motivated *solely* by malice. *Demalco Ltd. v. Feltner*, 588 F.Supp. 1277, 1279 (S.D.N.Y. 1984). The allegations must establish that malice was the *sole* motivation for the acts of the defendant. *Chen v. United States*, 854 F.2d 622, 629 (2d Cir. 1988).

While sometimes courts refer to malice as being "disinterested malevolence", the motivation must still be *solely* based on that intention. *Stallings v. U.S. Electronics, Inc.*, 270 A.D.2d 188, 189, 707 N.Y.S.2d 9 (1st Dep't 2000). In *Chen* supra. at 629, the Second Circuit upheld dismissal of the complaint stating "'there is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act,' *Lindner*, 59 N.Y.2d at 333. 464 N.Y.S.2d at 721, 451 N.E.2d at 468; see *Curiano*, 63 N.Y.2d at 117-18, 480 N.Y.S.2d at 469, 469 N.E.2d at 1327." See also *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 347 (S.D.N.Y. 2000) ("Disinterested malice" must be the sole and exclusive motivation); *Golub v. Esquire Publishing Inc.*, 124 A.D.2d 528, 529, 508 N.Y.S.2d 188 (1st Dep't 1986) ("Necessary to allege that the action complained of was *solely* motivated by malice or 'disinterested malevolence'") (emphasis added); and *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 531 (S.D.N.Y. 1998) ("Not only harmful, but done with the sole intent to harm").

A "conclusory allegation" that a defendant acted "maliciously" does not satisfy the pleading requirement that acts be pleaded which indicate a single-minded intent to injure. *Nevin* 107 F.Supp.2d at 347. In Plaintiff's Amended Complaint, there is only the general statement that ALR's conduct was malicious without any facts that would support that conclusion. Even leaving aside the inaccuracy of Plaintiff's conclusory assertion, the Complaint expressly recognizes that the motivation of the ALR was to promote a return of the Painting to the rightful owner, which ALR believed to be Solomon. Hence on the face of the Complaint, ALR did not have a malicious purpose. ALR further submits that even if Mr. Marinello had acted with the sole intention of coercing a settlement between Solomon and Plaintiff, this intention would not be malicious or malevolent. Indeed many would consider such an intention to be laudable.

Accordingly, the claim for prima facie tort is insufficiently pleaded due to the absence of factual allegations indicating a sole motivation to injure the Plaintiff.

The second, indispensable element of a prima facie tort claim is a particularized allegation of economic harm. "Damage is an essential element in a cause of action for prima facie tort and must be pleaded specially for it consists of injury due to loss in Plaintiff's occupation or business". *Brandt v. Winchell, et. al.*, 286 A.D. 249, 141 N.Y.S.2d 674 (1st Dep't 1955). "A necessary element in pleading prima facie tort is a particularized statement of reasonably identifiable and measurable losses suffered. *Skouras v. Brut Productions, Inc.*, 45 A.D.2d 646, 648, 360 N.Y.S.2d 811 (1st Dep't 1974).

> An 'essential element of [*prima facie* tort] is the allegation of special damages, fully and accurately stated with sufficient particularity as to identify and causally relate the actual losses to the allegedly tortuous acts.' *Broadway & 67th St. Corp. v. City of New York*, 100 a.D.2d 478, 486, 100 A.D.2d 478, 475 N.Y.S.2d 1, 6 (1st Dep't 1984). 'Nonspecific conclusory allegations' do not meet the pleading requirement, nor do '[r]ound figures' or a general allegation of a dollar amount.' *Matherson v. Marchello*, 100 A.D.2d 233, 235, 473 N.Y.S.2d 998, 1001 (2d Dept' 1984)."
> *Ross v. Mitsui Fudosan, Inc.*, 2 F.Supp.2d 522, 531 (S.D.N.Y. 1998).

"A critical element of the cause of action is an allegation that plaintiff suffered specific, measurable loss". *Golub v. Esquire Publishing Inc.*, 124 A.D.2d 528, 529, 508 N.Y.S.2d 188 (1st Dep't 1986). "An essential element of the cause of action is an allegation of special damages". *ATI, Inc. v. Ruder & Finn*, 42 N.Y.2d 454, 458, 398 N.Y.S.2d 864 (1977).

The only "special damages" alleged in the Complaint (Complaint ¶47) are legal fees and the speculative loss of Steven Spielberg as a future client depriving Plaintiff of profits that might be derived from sales of works of art to Mr. Spielberg in the future. There is no authority for the proposition that legal fees constitute an element of special damage. And the loss of Steven Spielberg as a client is speculative and immeasurable. Moreover, Plaintiff's relationship with Spielberg cannot possibly be connected to the questions which ALR's counsel put to Plaintiff's counsel in his email on May 1, 2007.

Accordingly, the claim for prima facie tort is insufficiently pleaded due to the absence of factual allegations of a specific, measurable loss that the law would recognize as being special damages.

The third element of prima facie tort requires proof (and thus some factual averment) that the injurious act was committed without any valid excuse or justification. While it is hard to discuss this element because ALR never threatened the Plaintiff with criminal prosecution, even if it had, the alleged threat was supposedly intended to cause the Plaintiff to settle the ownership question with Jack Solomon. Thus, on the surface of the complaint, the purpose of or justification was to produce a settlement of a dispute. Since this is unquestionably a reasonable and valid justification for any communication between ALR and counsel for Plaintiff, the complaint fails to allege facts which would support a determination that ALR lacked an excuse or justification for its conduct.

Accordingly, the claim for prima facie tort is also insufficiently pleaded due to the absence of factual allegations indicating the absence of an excuse or justification.

ALR therefore submits that the amended complaint fails to plead a sufficient factual basis for any possible determination that ALR committed a prima facie tort against the Plaintiff.

## CONCLUSION

ALR recognizes that the Court is required to read the complaint generously and that every reasonable inference must be drawn in favor of the pleader. However, conclusions or speculative opinions need not be given a presumption of truthfulness. Hence the Court must look to the pleaded facts and if those particularized facts do not fulfill the elements required to sustain any certain claim, then that deficient claim must be dismissed. The ALR should not be a party to this dispute. The solitary, bogus and absurd prima facie tort claim that has been invented in order to provide a basis for venue in this Court should be dismissed and the ALR should be released from this lawsuit.

Dated: New York, New York
       July 30, 2007

THE KOEGEL GROUP LLP

*/s/ John B. Koegel*

John B. Koegel (JK 4762)
Attorneys for Defendant, Art Loss Register
161 Avenue of the Americas
New York, New York 10013
(212) 255-7744

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

SALOME M. KRELL, being duly sworn, states:

1. I am a non-party to this action, over the age of 18 years, having an address at 161 Avenue of the Americas, New York, New York 100013.

2. On July 30, 2007 I served the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS on counsel for all parties by FEDERAL EXPRESS to the following:

> Martin Bressler
> Attorney for Plaintiff
> 349 D Heritage Hills
> Somers, New York 10589
>
> Michael R. Mushkin
> MUSHKIN & HAHER
> Attorneys for Defendant, Jack Solomon
> 4475 S. Pecos Road
> Las Vegas, Nevada 89121

_____
Salomé M. Krell

Sworn to before me this
30th day of July, 2007

_____
Notary Public

JOHN B. KOEGEL
NOTARY PUBLIC, State of New York
No. 02KO4705858
Qualified in New York County
Commission Expires Sept. 30, 2009