Stuart M. Steinberg, Esq.
New York Bar No. SS-6614
Steinberg, Fineo, Berger & Fischoff, P.C.
401 Broadhollow Road
Melville, New York 11747
Telephone: (631) 715-4160
Facsimile: (631) 715-4186
Email: ssteinberg@sfbblaw.com

Michael R. Mushkin, Esq.
Nevada State Bar No. 2421
Harmon, Davies, & Mushkin
4475 South Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Facsimile: (702) 388-0617
Email: michael@hdm-law.com

Attorneys for Defendant Jack Solomon

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUDY GOFFMAN CUTLER,<br><br>        Plaintiff,<br><br>-against-<br><br>ART LOSS REGISTER, INC., and<br>JACK SOLOMON,<br><br>        Defendants. | 07 CV 3807 (LAP) |

**DEFENDANT JACK SOLOMON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS; DEFEDANT JACK SOLOMON'S MOTION TO DISMISS PURSUANT TO RULE 12(b), FEDERAL RULES OF CIVIL PROCEDURE**

Defendant Jack Solomon, by and though his undersigned attorneys, hereby submits this Joinder to Defendant Art Loss Register, Inc.'s Motion to Dismiss. Defendant Jack Solomon further supplements that motion and urges that the instant motion styled "Defendant Jack Solomon's Motion to Dismiss Pursuant to Rule 12(b), Federal Rules of Civil Procedure" be granted as well.

In support of this motion, Defendant Solomon submits the following:

I.

BACKGROUND

This case arises out of a dispute over the actual ownership of a Norman Rockwell painting, entitled the "Russian Schoolroom" and/or the "Russian Classroom" ("Rockwell Painting"), which was stolen from Defendant Jack Solomon ("Solomon") in 1973 while on display at an art gallery located in Clayton, Missouri. Promptly after the theft, Solomon reported the crime to law enforcement agencies, including the Clayton Missouri Police Department as well as the Federal Bureau of Investigation ("FBI"), and later to Defendant Art Loss Register, Inc. ("ALR"). From the date of theft, the *Rockwell Painting* disappeared from view until it resurfaced in 1988 at an auction in New Orleans, Louisiana. It was acquired by Plaintiff Judy Goffman Cutler ("Goffman Cutler") for $70,400.00. *See:* Amended Complaint, page 6, paragraph 15, attached hereto as Exhibit "A". Goffman Cutler admits to selling the stolen *Rockwell Painting* to motion picture director and producer Steven Spielberg ("Spielberg") less than one year after her acquisition for $200,000.00. The FBI kept the *Rockwell Painting* on its list of stolen artworks since the date of the theft. In 2007, the FBI located and recovered the *Rockwell Painting* and thereafter promptly notified Solomon of the recovery.

The *Rockwell Painting* is currently in California with Speilberg who has not been named in this New York action. This may be because an arrangement was made between Plaintiff Goffman Cutler and Spielberg since Plaintiff claims that on "May 11, 2007, Goffman reacquired title to the Work from Spielberg in exchange for another Rockwell painting of equal or greater value" despite Plaintiff Goffman Cutler never having acquired legal title to the stolen *Rockwell Painting*. *See:* Exhibit "A", Amended Complaint, page 9, paragraph 26. The FBI and/or its Director have also not been named as parties in this action though the FBI recovered the *Rockwell Painting*, exercised

-3-

control over the disposition of the painting at the time this Complaint was filed, and allowed Spielberg to retain possession of the painting upon its recovery. The legal owner of the *Rockwell Painting*, Defendant Solomon is a resident of Nevada. Plaintiff Goffman Cutler is a resident of the State of Rhode Island. Defendant ALR is incorporated in New York. Consequently, without Defendant ALR as a party, this Court has no jurisdiction and the venue is not proper.

In addition to the instant action, there is a pending action involving the necessary parties in the United States District Court for the District of Nevada, Case No. 2:07-cv-00645-RLH-(PAL). In the Nevada case, Solomon is the named plaintiff while Spielberg and the Director of the FBI are both named defendants. Spielberg also filed an Interpleader Counterclaim against both Solomon and Judy Goffman Cutler (the Plaintiff in this New York action). *See:* Interpleader Counterclaim, attached hereto as Exhibit "B". According to the Interpleader Counterclaim filed in Nevada, Spielberg purchased the *Rockwell Painting* from Goffman Cutler in 1989 (Exhibit "B", paragraph 6), but then in 2007, "entered into a written agreement regarding the Painting whereby Spielberg transferred any rights he may have had in the Painting to Cutler in exchange for his being provided by Cutler proper title and ownership of another Norman Rockwell work of fine art" (Exhibit "B", paragraph 9). Jurisdiction and venue are also proper in Nevada since both can be maintained whether Defendant ALR is made a party to the Nevada action or not.

In this New York case, Plaintiff Goffman Cutler's single cause of action against Defendant ALR appears to be an "intentional tort". In Goffman Cutler's Fourth Count to her Amended Complaint, Goffman Cutler asserts that she did not acquire the stolen painting until 1988 (page 14, paragraph 44) and that Defendant ALR "implied" criminal proceedings by "Federal authorities". She further asserts that she has lost Spielberg as a client as a result of Defendant ALR's conduct. (page 14, paragraph 47). However, Defendants have no control over any actions that may or may

not be taken by "Federal authorities" as shown by the fact that the FBI recovered the *Rockwell Painting* and did not return it to Defendant Solomon. Defendants also have no control over Spielberg since Spielberg still has possession of the painting and who has already come to some very recent agreement with Plaintiff Goffman Cutler. Currently, this Court is also without jurisdiction over both the FBI and Spielberg since neither the "Federal authorities" nor "Spielberg" have been made parties to this New York action. Consequently, the Amended Complaint fails to state a claim upon which relief may be granted.

II.

ARGUMENT

"While plaintiff has right to control his own litigation and to choose his own forum, this 'right' is, like all other rights, defined by rights of others." Schutten v. Shell Oil Co., 421 F.2d 869 (5th Cir. 1970). "The burden of establishing jurisdiction rests upon the party asserting it." Stark Carpet Corporation v. M-Geough Robinson, Inc., 481 F.Supp. 499 (S.D.N.Y. 1980), *citing* Security Nat'l Bank v. Ubex Corp., 404 F.Supp. 471 (S.D.N.Y. 1975).

Plaintiff's Complaint and Amended Complaint seeks declaratory relief asserting that she acquired good title to the *Rockwell Painting*, declaratory relief that Solomon does not have an interest, declaratory relief that Louisiana law bars Defendants' claim, some sort of intentional tort against Defendant ALR, and defamation against Defendant Solomon. Jurisdiction has been asserted pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1367 (supplemental jurisdiction), and 2201 (creation of remedy). Venue has not been asserted by Plaintiff.

"In diversity actions, federal courts look to the law of the forum state to determine whether a defendant is subject to its jurisdiction." Stark Carpet Corporation v. M-Geough Robinson, Inc., 481 F.Supp. 499 (S.D.N.Y. 1980), *citing* Arrowsmith v. United Press Int'l, 320 F.2d 219, 229-31 (2d Cir.

1963); Metropolitan Staple Corp. v. Samuel Moore and Co., 278 F.Supp. 85, 87 (S.D.N.Y. 1967). The New York "long-arm" statute requires that the cause of action arise from the defendant's contact with the state. Stark Carpet Corporation, 481 F.Supp. 499 (S.D.N.Y. 1980), *citing* Frummer v. Hilton Hotels Int'l., 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43 227 N.E.2d 851, 853 (1967). Also, "jurisdiction under N.Y.S.P.L.R. § 301 requires that the defendant be 'engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction . . . not merely doing business 'occasionally or casually, but with a fair measure of permanence and continuity." Stark Carpet Corporation, 481 F.Supp. 499 (S.D.N.Y. 1980) (other citations omitted).

Defendant Solomon is a resident of Nevada and has had no such contact with New York. According to the Amended Complaint, Plaintiff Goffman Cutler is also not a resident of New York, but of Rhode Island. (Exhibit "A", Amended Complaint, page 2, paragraph 4). The *Rockwell Painting* and its custodians are currently outside the jurisdiction of this Court as well and have not even been brought into this action. And although Plaintiff asserts that Defendant ALR is incorporated in New York (Id. at paragraph 5), this Court will not have jurisdiction if Defendant ALR's motion to dismiss is granted and any resulting action should be dismissed against Defendant Solomon pursuant to Rule 12(b), Federal Rules of Civil Procedure. Consequently, Defendant Solomon joins in Defendant ALR's motion to dismiss. *See:* Herzog v. Hubard, 98 F.2d 255 (1938) (Joinder of defenses in same motion does not constitute general appearance, and thus defendant can challenge jurisdiction of court and sufficiency of complaint in same motion without waiving defense of lack of jurisdiction).

Furthermore, Plaintiff has not alleged facts sufficient to support that defendants' acts have caused her injury within New York though the Amended Complaint specifically mentions the "St.

Louis Riverfront Times of February 27, 2007"—a Missouri publication. *See:* Amended Complaint, page 10, paragraph 28. The *Rockwell Painting* was also stolen in Missouri and reported to law enforcement agencies in Missouri. *See also:* <u>Stark Carpet Corporation</u>, 481 F.Supp. 499 (S.D.N.Y. 1980) (Plaintiff's assertions did not lead to the conclusion that it was injured in New York and Section 302(a)(3) is not satisfied by remote or consequential injuries which occur in New York only because the plaintiff is domiciled, incorporated or doing business in the state). In the absence of a New York injury, residence alone [of either Plaintiff or Defendant ALR] does not locate the injury in New York. "The burden is on the plaintiff to allege the facts that would show [her] New York injury." <u>Id</u>. Plaintiff has failed to meet this burden. As a result, Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b).

And though Plaintiff has not asserted that venue is proper in New York, Plaintiff's Third Count to her Amended Complaint seeks to have this Court apply Louisiana law that is foreign to all concerned parties and this Court. The *Rockwell Painting* was also stolen in Missouri and is currently in California, not Louisiana. "A federal court sitting in diversity applies the choice of law principles of the forum state, in this case New York, to decide which state's substantive law controls." <u>Simon v. Philip Morris, Inc.</u>, 2000 U.S. Dist. LEXIS 16713, *citing* <u>Klaxon Co. V. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). However, this will also be a moot point if this Court does not have jurisdiction. Pursuant to 28 § 1391(a)(1), venue is also proper where any defendant resides, if all defendants reside in the same State. Hence, Nevada would be the proper venue if Defendant ALR's motion to dismiss is granted since the only remaining Defendant would be Solomon, an alleged resident of Nevada, and this action should be dismissed pursuant to Rule 12(b)(3), as well as 12(b)(6).

Rule 12(b)(7) also requires dismissal if this action cannot proceed in equity and good

conscience due to the failure to join a party under Rule 19. Rule 19 provides several factors to be considered, including the prejudice to those already parties. Rule 19 will also not serve to extend federal diversity jurisdiction. <u>Letmate v. Baltimore & O. Railroad</u>, 311 F.Supp. 1059 (D.C. MD. 1970).

> A party is "indispensable" if the court determines, "in equity and good conscience," that the case should not proceed without its presence. *See* Fed. R. Civ. P. 19(b). To determine whether a party is indispensable, the court considers the following factors, as set forth in Rule 19:
> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

<u>Robert S. Rubler, D.D.S. V. Unum Provident Corporation</u>, 2007 U.S. Dist. LEXIS 7791 (S.D.N.Y. 2007).

Both Spielberg and the FBI, as well as the Plaintiff in this New York case, are named in the ongoing action in Nevada. *See:* Interpleader Counterclaim, attached hereto as Exhibit "B". In Spielberg's Interpleader Counterclaim, Spielberg asserts that he is or may be exposed to multiple liability or claims due to the conflicting claims of Solomon and Cutler. Spielberg has further continued to retain possession of the Rockwell Painting in California and in accordance with prior FBI instructions. *See:* Interpleader Counterclaim, pages 2-3, paragraphs 9 & 14, attached hereto as Exhibit "B". In this New York action, Defendants have been prejudiced by the fact that there is an ongoing action in Nevada, the *Rockwell Painting* is in California with Spielberg, and both Spielberg and the FBI are indispensable parties, yet were never named by Plaintiff in this New York action while the non-named parties in the New York action are maintaining and exercising control over the *Rockwell Painting* in another jurisdiction. Consequently, even if this Court finds jurisdiction in New York, the Amended Complaint should be dismissed based upon Rule 12(b)(7).

III.

CONCLUSION

While Plaintiff has a right to control her own litigation and to choose her forum, these rights are defined by the rights of others. In this case, Plaintiff has not pled venue nor that she has been harmed in New York. Plaintiff has also failed to state a claim upon which relief can be granted. Furthermore, Plaintiff has failed to meet her jurisdictional burden and has failed to join indispensable parties thereby prejudicing the named Defendants. As a result, this case should be dismissed pursuant to various provisions of Rule 12(b).

WHEREFORE, Defendant Jack Solomon prays that this Court:

1. Grant Defendant Art Loss Register, Inc.'s Motion to Dismiss; and/or

2. Grant Defendant Jack Solomon's Motion to Dismiss Pursuant to Rule 12(b), Federal Rules of Civil Procedure.

DATED: August 2, 2007.

By: _____
STUART M. STEINBERG, ESQ.
New York Bar No. SS-6614
Steinberg, Fineo, Berger & Fischoff, P.C.
401 Broadhollow Road
Melville, New York 11747

MICHAEL R. MUSHKIN, ESQ.
Nevada State Bar #2421
Harmon, Davies, & Mushkin
4475 South Pecos Road
Las Vegas, Nevada 89121

Attorneys for Defendant Jack Solomon